# EXHIBIT 8



Compliance Diversity and Ethics
4400 University Drive, MS 2C2, Fairfax, Virginia 22030
Phone: 703-993-8730  Fax: 703-993-8899  Web: http://diversity.gmu.edu

LETTER OF DETERMINATION
Confidential

February 22, 2019

Plaintiff
George Mason University
Fairfax, VA 22030

Dear Plaintiff

The purpose of this correspondence is to notify you that Compliance, Diversity, and Ethics (CDE) has concluded its formal investigation into the complaint filed against you by Complainant 4, whereby it is alleged that you engaged in Sexual or Gender-Based Harassment, in violation of George Mason University's *Policy 1202: Sexual or Gender-Based Harassment or Other Interpersonal Violence*. CDE conducted interviews and reviewed documentation to evaluate the specifics of the complaint. The investigation also took into account the factual information you provided to the investigator(s).

**After evaluating the information gathered, CDE did find enough factual information to sustain the allegation that you engaged in conduct that qualifies as Sexual or Gender-based Harassment in violation of George Mason University's *Policy 1202: Sexual or Gender-Based Harassment and Other Interpersonal Violence.***

Complainant 4 alleged that while attending a party at your home on December 9, 2018, you invited the students into your hot tub. She stated you shared an elaborate, sexual story about your sexual experience at a large brothel house while traveling in Germany. The conversation was described as lasting a least one hour in length, and described as going into very intimate details about sexual acts performed, how long the sex lasted, how you selected the women with whom you were engage in the sex acts, and what criteria you used to select the sex partners.

Complainant 4 said she felt "stuck" and unable to leave the conversation discreetly. She said she felt extremely uncomfortable with the conversation, given the setting. During the investigation, you confirmed that you invited your graduate students (from the lab) to your home for an end-of-the-semester gathering for drinks and food. You also confirmed that you and your graduate students ended up in the hot tub, discussing life, wellness, research, and a recent sexual experience you personally had in Germany. This was corroborated by several student witnesses.

Complainant 4 alleged that while attending the Society of Personality and Social Psychology conference, January 20, 2017, in San Antonio, Texas, you and several graduate students met up with other attendees from the conference and took them back to your respective hotel rooms. She said the next morning, you and the other students discussed in detail what happened the night before. You asked for explicit details about their sexual encounters. You confirmed that you met someone at the conference and that you and your graduate students discussed the prior evening's sexual activity the next morning at breakfast. Several student witnesses and one non-student witness corroborated this event.

[Complainant 4] alleged that on another occasion you shared intimate details about a "happy ending" erotic massage you told a story about at a gathering at Oh! George in the fall of 2017. Investigation confirms a conversation with students about an erotic massage you received in Sri Lanka in 2017.

[Complainant 4] alleged that during a different gathering at Oh! George, in the fall of 2017, you repeatedly asked a graduate student what type of porn she liked to watch. During the investigation, you stated you did ask a graduate student what kind of pornography she liked to watch.

[Complainant 4] alleged that while attending the March 2018 Society of Personality and Social Psychology Conference, you and a group of graduate students went to the Claremont Lounge, a strip club in Atlanta, Georgia. Investigation confirmed at least one student received a lap dance, and you took a photo of that, and you received a lap dance. Witnesses told investigators that at least one student had so much to drink that they threw up in the bathroom. During the investigation, you agreed that you attended the strip club with the students and received a lap dance.

During the investigation you confirmed that while attending the August 6, 2018, academic conference in Santa Ana, California, you discussed with students an intimate sexual encounter you had with a woman (for over 10 hours) while you were out of the country presenting a professional workshop in Hanoi, Thailand. Student witnesses corroborated this conversation.

During the investigation, you said you discuss a number of things with your graduate students. You said you discussed research trends, wellness, disfunction, and sex. Several student witnesses confirmed this fact, one offering, "[Plaintiff] likes to talk about sex. A lot."

[Complainant 4] said having time away from the lab and the opportunity to work in a professional environment that would never tolerate the conversation or circumstances she experienced while working for [Plaintiff]. Only now does she feel able to articulate how inappropriate the power imbalance of [Plaintiff] mentorship was. She conveyed that the way [Plaintiff] viewed her (including her sexual behaviors) had an effect on his decisions for how he handled graduate assistantships, authorship on papers, and consulting opportunities.

Investigation found that these repeated instances of explicit sexual conversations with students you supervise and teach indicate a lack of appropriate professional behavior and combine to create a hostile environment for students in the classroom, the laboratory and at professional conferences.

CDE has communicated to those involved in this process that it is a violation of George Mason University's Sexual or Gender-Based Harassment or Other Interpersonal Violence policy to retaliate against students, faculty, or staff members for filing a complaint alleging a violation or participating in an investigation. Retaliation is a separate violation, distinct from the initial underlying allegation. Those who violate this policy by retaliating may be subject to discipline, regardless of whether or not there has been a finding for cause in the initial complaint. In the event you witness or experience retaliation, please report it immediately to CDE. In addition, those involved have privacy interests. Therefore, outside the scope of this investigation, all parties are cautioned to reflect upon the appropriateness before publicizing or divulging the nature of the proceedings or the identity of those involved.

If you wish to appeal this decision you may do so in writing to Julian R. Williams, Vice President of CDE, within ten (10) business days from receipt of this determination letter. According to university policy, you may appeal this decision based on either discovery of new evidence previously unavailable or a significant irregularity in the procedural process which could affect the outcome of the finding. CDE requests that you be as specific as possible in setting out a basis for appeal. General dissatisfaction with

CDE's decision will not be sufficient grounds to overturn a decision. Please note that the determination of your appeal is final. Deans, Directors or Department Chairs may not reject investigative findings and recommendations of corrective actions in complaints against employees, to avoid conflict of interests and biases in the adjudicatory process and to prevent institutional interests from interfering with the impartiality of the adjudication.

CDE is closing its file on this matter. Our findings have been communicated to [Complainant 4] to your supervisor, Dr. Keith Renshaw, and to Employee Relations. They will be in contact with you to communicate any disciplinary sanctions. Should you have any questions or concerns regarding our investigation, please feel free to contact us at (703) 993-8730.

Sincerely,

Dr. Jennifer R. Hammat
University Title IX Coordinator

CC:   Dr. Keith Renshaw, Associate Professor and Chair, Department of Psychology
      Dr. Anne L. Ardis, Dean, College of Humanities and Social Sciences
      Shernita Rochelle Parker, Interim Vice President, HR/Payroll and Faculty/Staff Life
      Julian Williams, Vice President for Compliance, Diversity and Ethics