**EXHIBIT 9**

---------- Forwarded message ---------
From: **Jennifer R Hammat** <jhammat@gmu.edu>
Date: Fri, Feb 22, 2019 at 3:37 PM
Subject: LETTER OF DETERMINATION

██████████████████████████

Cc: Julian Williams <jwilli89@gmu.edu>, Shernita Rochelle Parker <srochell@gmu.edu>, Keith D Renshaw <krenshaw@gmu.edu>, Ann L Ardis <aardis@gmu.edu>, Heather M Madnick <hmadnick@gmu.edu>



Compliance Diversity and Ethics
4400 University Drive, MS 2C2, Fairfax, Virginia 22030
Phone: 703-993-8730  Fax: 703-993-8899  Web: http://diversity.gmu.edu

LETTER OF DETERMINATION

Confidential

February 22, 2019


██████████

George Mason University

Fairfax, VA 22030


Dear ██████████

The purpose of this correspondence is to notify you that Compliance, Diversity, and Ethics (CDE) has concluded its formal investigation into the complaint filed against you by ▇▇▇▇▇▇▇, whereby it is alleged that you engaged in Sexual or Gender-Based Harassment, in violation of George Mason University's *Policy 1202: Sexual or Gender-Based Harassment or Other Interpersonal Violence*. CDE conducted interviews and reviewed documentation to evaluate the specifics of the complaint. The investigation also considered the factual information you provided to the investigator(s).

**After evaluating the information gathered, CDE did find enough factual information to sustain the allegation that you engaged in conduct that qualifies as Sexual or Gender-Based Harassment in violation of George Mason University's** *Policy 1202: Sexual or Gender-Based Harassment and Other Interpersonal Violence.*

▇▇▇▇▇▇ alleged that during the spring 2013 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, on April 2, 2013, that you provided a detailed personal description to students of performing oral sex on a woman at a party. You indicated this was a concrete personal example that would help them remember the material. This story was also confirmed and corroborated by student witnesses from that class.

▇▇▇▇▇▇ also alleged that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ you shared a conversation with the class regarding the number of sexual partners you have had during a class discussion. Multiple witnesses corroborated this conversation occurred.

▇▇▇▇▇▇ also alleged that you told a story in class about an intimate encounter on a then recent trip. During the investigation, you disputed the factual accuracy of the allegation that you shared a conversation about skinny-dipping with a woman on a business trip. You stated this allegation was a false recall of a story your told students for pedagogical reasons. You indicated you did not "skinny dip" with the woman, but rather went swimming in the ocean with her on a trip to Kuwait and she served as your escort. Student witnesses from the class remembered this story and described it as "erotic," "serene," and "a moment of awe," but did not recall the "skinny-dipping" element of the story.

▇▇▇▇▇▇ alleged that your encouraged students in your class to get to know each other outside of class and stated that going to Spa World would be a great way to do so. During the investigation, you confirmed that you shared many resources with students during class. You indicated that graduate school was stressful and that Spa World was a place where you can get a massage and there were bathing pools as well. You said you suggested it was a place where they could meet and relax. One student witness indicated, "I remember him mentioning Spa World multiple times. I don't remember if it was in one of these classes but I wouldn't be surprised."

▇▇▇▇▇▇ indicated that she felt your stories and personal examples from your own sex life made her uncomfortable and made it a difficult environment in which to learn. She also feared being labeled as a "narc" and did not feel she had the power to stand up to your unprofessional and inappropriate sexual comments. ▇▇▇▇▇▇ indicated that the behavior you exhibit for your graduate students encouraged them to be inappropriate and verbally harassing of other students. She states, ▇▇▇▇▇▇ behavior is an issue of the ▇▇▇▇▇▇▇▇▇▇ Program and it contributed to a toxic environment where learning is more difficult. While ▇▇▇ is not responsible for anyone's behavior but his own, the fact that he is

unaware of what transpires in his lab, or if aware does not take meaningful steps to intervene, is grossly negligent as an educator."

Investigation found that these repeated instances of sexual conversations with students you supervise and teach indicate a lack of appropriate professional behavior and combine to create a hostile environment for students in the classroom.

CDE has communicated to those involved in this process that it is a violation of George Mason University's Sexual or Gender-Based Harassment or Other Interpersonal Violence policy to retaliate against students, faculty, or staff members for filing a complaint alleging a violation or participating in an investigation. Retaliation is a separate violation, distinct from the initial underlying allegation. Those who violate this policy by retaliating may be subject to discipline, regardless of whether or not there has been a finding for cause in the initial complaint. In the event you witness or experience retaliation, please report it immediately to CDE. In addition, those involved have privacy interests. Therefore, outside the scope of this investigation, all parties are cautioned to reflect upon the appropriateness before publicizing or divulging the nature of the proceedings or the identity of those involved.

If you wish to appeal this decision you may do so in writing to Julian R. Williams, Vice President of CDE, within ten (10) business days from receipt of this determination letter. According to university policy, you may appeal this decision based on either discovery of new evidence previously unavailable or a significant irregularity in the procedural process which could affect the outcome of the finding. CDE requests that you be as specific as possible in setting out a basis for appeal. General dissatisfaction with CDE's decision will not be sufficient grounds to overturn a decision. Please note that the determination of your appeal is final. Deans, Directors or Department Chairs may not reject investigative findings and recommendations of corrective actions in complaints against employees, to avoid conflict of interests and biases in the adjudicatory process and to prevent institutional interests from interfering with the impartiality of the adjudication.

CDE is closing its file on this matter. Our findings have been communicated to ▮▮▮▮ to your supervisor, Dr. Keith Renshaw, and to Employee Relations. They will be in contact with you to communicate any disciplinary sanctions. Should you have any questions or concerns regarding our investigation, please feel free to contact us at (703) 993-8730.

Sincerely,

Dr. Jennifer R. Hammat

University Title IX Coordinator

CC:   Dr. Keith Renshaw, Associate Professor and Chair, Department of Psychology

  Dr. Ann L. Ardis, Dean, College of Humanities and Social Sciences

  Shernita Rochelle Parker, Interim Vice President, HR/Payroll and Faculty/Staff Life

  Julian Williams, Vice President for Compliance, Diversity and Ethics

**Jennifer R. Hammat, Ed.D.**

University Title IX Coordinator

Compliance, Diversity, and Ethics

George Mason University

4400 University Drive, MS 2C2
Fairfax, VA 22030

703-993-8730

titlenine.gmu.edu

--
