IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) Civ. Action No. 1:19-cv-01249-LO-MSN |
| | ) |
| v. | ) |
| | ) |
| GEORGE MASON UNIVERSITY, *et al.* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO FILE EXHIBITS UNDER SEAL PURSUANT TO LOCAL RULE 5(c)**

In compliance with Local Rule 5(c), Plaintiff respectfully submits this memorandum in support of Plaintiff's motion to seal certain exhibits to: 1) Plaintiff's Memorandum of Law in Opposition to Defendant George Mason University's Motion to Dismiss Plaintiff's Title IX Claim Pursuant to Rule 12(b)(6) ("Plaintiff's Title IX Opposition Brief"); 2) Plaintiff's Memorandum of Law in Opposition to the Individual Defendant's Motion to Dismiss Plaintiff's Due Process and First Amendment Claims ("Plaintiff's Opposition Brief"); and 3) Plaintiff's Reply Memorandum of Law in Further Support of His Motion to Proceed By Pseudonym ("Plaintiff's Pseudonym Reply Brief"):

1. Plaintiff has filed the following documents under seal:

   A. **Exhibits to Plaintiff's Title IX Opposition Brief**:

   Exhibit 4: Complainant 1 Notice of Investigation

1

Exhibit 5: Complainant 2 Notice of Investigation

Exhibit 6: Complainant 3 Notice of Investigation

Exhibit 7: Complainant 4 Notice of Investigation

Exhibit 8: Complainant 1 Determination Letter

Exhibit 9: Complainant 2 Determination Letter

Exhibit 10: Complainant 3 Determination Letter

Exhibit 11: Complainant 4 Determination Letter

Exhibit 13: Conduct Complaint Against Complainant 4

Exhibit 15: J. Williams' Decision on Plaintiff's Appeal

Exhibit 16: K. Renshaw Sanction Letter

Exhibit 17: Faculty Grievance Committee Letter dated June 19, 2019

Exhibit 27: Communications between Plaintiff and Complainant 4

Exhibit 28: Communications between Plaintiff and Complainant 1

Exhibit 29: Communications between Plaintiff and Complainant 3

Exhibit 30: Faculty Grievance Committee Letter – Disaffiliation, 9/10/19

Exhibit 31: Dr. Renshaw Letter, 9/17/19, Disaffiliation

Exhibit 32: Peer Evaluation

B. **Exhibits to Plaintiff's Opposition Brief**

Exhibit A:   Faculty Grievance Committee Letter, June 2019

Exhibit B:   Dr. Renshaw Sanction Letter

Exhibit C:   Complainant 1 Notice of Investigation

Exhibit D:   Complainant 2 Notice of Investigation

Exhibit E:   Complainant 3 Notice of Investigation

    Exhibit F:    Complainant 4 Notice of Investigation

    Exhibit G:    Dr. Renshaw Letter, 9/17/19, Disaffiliation

    Exhibit K:    Complainant 1 Determination Letter

    Exhibit L:    Complainant 2 Determination Letter

    Exhibit M:    Complainant 3 Determination Letter

    Exhibit N:    Complainant 4 Determination Letter

    Exhibit U:    Faculty Grievance Committee Letter, 6/19/19

    C.  **Plaintiff's Pseudonym Reply Brief**
        Footnote #2

    D.  **Exhibit to Plaintiff's Pseudonym Reply Brief**:

        Exhibit 2- Complainant 4 Notice of Investigation

Plaintiff has filed redacted copies of each exhibit referenced above in the public file via the Court's ECF system. The redactions omit: Plaintiff's name; the names of Complainants 1-4; the names of other students who attended or are attending George Mason University; the names of certain professors; and other information from which Plaintiff, Complainants 1-4, and/or other students can be identified.

    2.    The sealing of the above-referenced documents is necessary to protect Plaintiff's identity during the pendency of his motion to proceed by pseudonym (ECF No. 2). Another procedure, *i.e.* filing the documents in the usual course, will not suffice because the documents contain Plaintiff's name, the names of persons through which he can be identified and certain information through which he can be identified. In their sealing

3

motion, (ECF No. 33, at p. 2), Defendants have asserted that the names of Complainants 1-4 should remain under seal because of GMU's obligations under the Family Educational Rights and Privacy Act ("FERPA").

3. Plaintiff relies on the following authorities in support of his motion to file under seal: *Doe v. Virginia Polytechnic Institute and State University*, 2018 WL 5929647 (W.D. Va. 2018); *Doe v. Rector and Visitors of George Mason University*, 179 F. Supp. 3d 583 (E.D. Va. 2016); *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016); *Suntrust Mortgage*, 2015 WL 12778624, at *1 (E.D. Va. 2015). *See also* Exs. A and B (allowing the filing of exhibits under seal which disclosed plaintiff's name where plaintiff was granted pseudonym status).

The "Court's authority to seal documents is well-established in the Fourth Circuit" where "the public's right of access is outweighed by competing interests." *Suntrust Mortgage*, 2015 WL 12778624, at *1 (E.D. Va. 2015). To determine whether the interests in sealing the records outweigh First Amendment considerations, a court must: a) provide public notice of the sealing request; b) consider less drastic alternatives to sealing; and c) articulate specific reasons supporting its decision to seal. *Id.*

Here, Plaintiff has filed the requisite notice with this memorandum and, as set forth *supra* Paragraph 2, Plaintiff (and Defendants) have used the less drastic alternative of filing copies of all of the exhibits in redacted form, such that the substance of those documents is accessible to the public. Plaintiff currently has a motion to proceed by pseudonym pending and his identity should be protected until such time as the Court decides the motion *and* Plaintiff elects to go forward with the action in his own name. Plaintiff respectfully refers the Court to the reasons set

forth in his pseudonym motion and reply papers as to why a balancing of the factors set forth in *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993), including the public's interest in this case, weighs in favor of allowing Plaintiff to proceed by pseudonym.

4. Plaintiff requests that the documents referenced *supra* Point 1 be kept under seal until such time as Plaintiff's pseudonym motion is decided:

(a) If Plaintiff's motion is granted, the documents should be maintained under seal until such time as the Court orders otherwise.

(b) If Plaintiff's motion is denied *and* Plaintiff elects to proceed under his own name within any timeframe ordered by the Court, then the documents may be unsealed at such time as Plaintiff files an amended pleading in his own name.

(c) If Plaintiff's motion is denied *and* Plaintiff elects not to pursue this action in his own name, resulting in the dismissal of the action, then the documents should be permanently maintained under seal.

Dated: January 22, 2020

Respectfully submitted,

    /s/ *Joshua T. Farmer*
Joshua T. Farmer, VSB #87508

FARMER LEGAL PLLC
5030 Sadler Place, #205
Glen Allen, VA 23060
(804)325-1441
josh@farmerlegalhelp.com