

**Office of University Counsel**

4400 University Drive, MS 2A3, Fairfax, Virginia 22030
Phone: 703-993-2619; Fax: 703-993-2340; Web: universitycounsel.gmu.edu

March 2, 2020

**BY OVERNIGHT MAIL AND ECF**
Hon. Liam O'Grady
District Judge
United States District Court
Eastern District of Virginia
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Re:   *Doe v. George Mason University, et al.*, Case No. 1:19-cv-01249-LO-MSN

Dear Judge O'Grady:

The undersigned represents the Defendants in the above-referenced action. I write in response to Plaintiff's February 21, 2020 letter, which was unnecessarily filed on the Court's docket. There was no reason for Plaintiff to involve the Court in a discussion between counsel regarding Plaintiff's misunderstanding about his eligibility for future salary increases. This matter certainly could have been resolved between counsel. However, since Plaintiff has involved the Court in this matter and his letter continues to falsely assert that he is indefinitely ineligible for salary increases, Defendants are compelled to briefly respond to Plaintiff's letter.[1]

Plaintiff's letter was in response to my letter of February 11, 2020 to Plaintiff's counsel, which was not filed on the Court's docket. My letter was intended to correct an apparent misunderstanding Plaintiff has regarding his eligibility for salary increases. It provided Plaintiff's counsel with information of which they may not have been aware—including a recently released Faculty Senate report regarding faculty compensation showing the 3% raise Plaintiff received in 2019, after the Title IX findings. This information contradicted Plaintiff's assertion that because of the Title IX findings he "is ineligible for *any* salary increase, as well as merit-based pay raises, for an indefinite period of time." ECF 43 at 14 (emphasis added).

---

[1] Plaintiff's decision to file his letter on the Court's docket is even more inexplicable because whether or not Plaintiff is eligible for salary increases is irrelevant to the resolution of the motions to dismiss pending before the Court. Plaintiff's assertions regarding salary increases were made in an attempt to argue that Plaintiff has been deprived of a property right. *See* ECF 43 at 14. But Plaintiff cannot state a due process claim because he has no property right in receiving salary increases (and Plaintiff has not alleged otherwise) and there is no dispute that he remains employed and has received the full compensation due to him under his contract. *See Royster v. Board of Trustees*, 774 F.2d 618 (4th Cir, 1985).

Rather than support his assertion, Plaintiff's letter only demonstrates that he is again relying on hyperbole and exaggeration to try to manufacture (unsuccessfully) a claim. According to Plaintiff's letter, the good faith basis for his assertion that the Title IX findings make him ineligible indefinitely for a salary increase is that as a result of his unsatisfactory performance evaluation for the 2018-2019 academic year he (1) did not receive a discretionary merit-based raise in 2019 (on top of the 3% raise that he now acknowledges receiving) and (2) he has "been deprived of his 2019-2020 salary increase." As an initial matter, there has been no determination of whether Mason will increase salaries for the 2019-2020 academic year or, if an increase is given, whether employees with unsatisfactory evaluations will receive it.[2] It is therefore pure speculation whether there will be a salary increase this year and, if there is, whether Plaintiff will be eligible for it. Even assuming he is ineligible for a salary increase in 2020 because of his unsatisfactory performance evaluation, Plaintiff has failed to explain what basis he has to assert that he is *indefinitely* ineligible for salary increases. At most, because of his unsatisfactory performance evaluation, Plaintiff will not receive two salary increases over a *finite* period of time—the 2019 additional merit-based increase and a 2020 salary increase, if one is given. Plaintiff has no basis to claim that he "is ineligible for any salary increase, as well as merit-based pay raises, for an indefinite period of time." ECF 43 at 14.[3]

Defendants do not believe that there is any need to involve the Court further in this matter. Defense counsel is available to have further conversations with Plaintiff's counsel to resolve any remaining misunderstanding regarding this matter. Defendants also do not expect a need to address this issue at the March 6th oral argument as it is irrelevant to their pending motions, but counsel will be prepared to discuss this issue should the Court have any questions.

Respectfully Submitted,

Eli S. Schlam
Associate University Counsel
George Mason University

---

[2] Both the availability of a raise and the conditions for it are dependent on the Virginia state budget, which has not been approved yet. Section 3.2 of the Faculty Handbook makes clear that salary increases are not guaranteed and are "[s]ubject to the availability of funding."

[3] It is also incorrect to claim that Plaintiff "has been deprived of salary increases" (plural). ECF 43 at 14. As explained, the only salary increase Plaintiff has not received is the 2019 discretionary merit-based additional increase. He has not been deprived of a 2020 raise because no determination has been made as to whether a raise will be given this year.

cc:    Andrew T. Miltenberg (by ECF and email)
        Kara L. Gorycki (by ECF and email)
        Joshua T. Farmer (by ECF and email)